# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

ANDREW GROSS,

    Plaintiff,

v.

BUREAU OF PRISONS; TERRE HAUTE
U.S. PRISON MEDICAL STAFF;
MARK A. BEZY, Warden; ATTORNEY
GENERAL ALBERTO GONZALES;
WAYNE COUNTY JAIL MEDICAL STAFF;
UNITED STATES MARSHALS SERVICE;
HARLEY LAPPIN, Director, Bureau of Prisons;

    Defendants.
_____/

CASE NO. 06-CV-13714

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO THE PRISON LITIGATION REFORM ACT

### I.  RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Dkt. 2) be **DENIED** pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

### II.  REPORT

Plaintiff is a *pro se* prisoner who is currently incarcerated at the Terre Haute Federal Correction Institution in Terre Haute, Indiana.  Pending, pursuant to an Order of Reference from United States District Judge Thomas Ludington, is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs.  (Dkt. 2.)  Upon consideration of the application, I conclude that the case is ready for Report and Recommendation.

The Prison Litigation Reform Act ("PLRA") was enacted on April 26, 1996. It contains the following paragraph, which is commonly known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If a prisoner has attained "three strikes," he is thereafter precluded from proceeding *in forma pauperis* in civil actions unless under threat of immediate harm. *Wilson v. Yaklich*, 148 F.3d 596, 602-04 (6th Cir. 1998). The Sixth Circuit has held that dismissals of actions prior to the effective date of the PLRA may be counted as "strikes" for the purposes of applying § 1915(g). *Id.* Moreover, the *Wilson* court held that the "three strikes" provision does not violate the Equal Protection Clause, the Due Process Clause, or the Ex Post Facto Clause; it is likewise not an unconstitutional bill of attainder. *Id.* at 604-06.

A search of the Court's docketing records indicates that Plaintiff has filed seven prisoner civil rights cases since 2001, four of which were dismissed on the grounds that they were frivolous or failed to state a claim. *See* 02-CV-74123 (dismissed for failure to state a claim); 02-CV-74850 (dismissed as frivolous); 06-CV-12820 (dismissed for failure to state a claim); and 06-CV-13065 (dismissed for failure to state a claim). Plaintiff thus has four "strikes" for purposes of § 1915(g). Furthermore, the complaint does not allege that Plaintiff is in imminent danger of being injured, but rather that the Bureau of Prisons has been denying him "proper" medical treatment for the past four years. In fact, I note that the claims brought in this case are nearly identical to those raised in case number 02-CV-74123.

Accordingly, I suggest that Plaintiff's application to proceed without prepayment of fees and costs be denied pursuant to 28 U.S.C. § 1915(g) and Plaintiff be instructed that he must pay the $350 civil case filing fee or the case will be dismissed.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                 s/ *Charles E. Binder*
                 CHARLES E. BINDER
Dated: September 13, 2006          United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Andrew Gross and Honorable Thomas Ludington.

Dated:  September 13, 2006          By_____s/Mary E. Dobbick_____
                 Secretary to Magistrate Judge Binder

3